Hendricks v. Butcher.

FRED HENDRICKS, Respondent, v. J. M. BUTCHER, Appellant.

Springfield Court of Appeals, June 6, 1910.

1. PLEADING: Sufficiency of Petition: Damages: Waiver of Defects by Answering. In a suit in which plaintiff claimed that he and his entire family contracted smallpox from defendant through his carelessness and negligence, the petition was 1 one count and several items of damages were enumerated. *Held,* that the petition was good, that the elements of damages were proper and that the defendant, having answered, waived any objections that might have been made to the sufficiency of the petition.

2. NEGLIGENCE. It is familiar law that before an action will lie for negligence some duty must be neglected on the part of the person charged.

3. ———: Spreading Contagious Disease: Duty of Person with Smallpox. Any one afflicted with the disease of smallpox owes to everyone the duty to so conduct himself as not to communicate the disease to them, after he becomes aware that he is afflicted with it. In such case, he must keep away from other persons, or, should others persons approach him, he should notify them of his disease so they may protect themselves.

4. ———: ———: Instructions: Evidence Failing to Show Value of Wife's Services. In a suit for damages where plaintiff claims that his wife contracted smallpox from defendant through his negligence, the evidence failed to show the value of the wife's services. *Held,* error to submit this question to the jury by an instruction.

5. **INSTRUCTIONS: Damages: Submitting Items of Damages Not Shown by Evidence.** Where an instruction submits two items of damages to the jury, and there is evidence to sustain one but not the other, and the jury brings in a general verdict, it being impossible from the evidence to determine how much was allowed for either item, the verdict cannot be permitted to stand.

6. ———: ———: ———: **When Judgment May be Sustained in Part.** In a suit for damages, where several items for damages are alleged and are submitted to the jury and some of them are accurately proven and about which there is no contest, and other items are either not proven at all, or it cannot be determined from the evidence what amount the jury allowed for them, a judgment for the first mentioned items may be permitted to stand, provided a remittitur is entered for the balance of the judgment.

Appeal from Webster Circuit Court.—*Hon. C. H.. Skinker,* Judge.

AFFIRMED (*upon remittitur*).

*L. H. Musgrave* and *Wright Brothers* for appellant.

*H. D. Durst* and *G. D. Kirby* for respondent.

COX, J.—Action brought in the circuit court of Greene county, change of venue to Webster county, trial by jury September, 1909, verdict for plaintiff for six hundred dollars. Judgment rendered accordingly and defendant has appealed. This is a companion case to the case of Franklin v. Butcher, decided by us at this term. Plaintiff alleges in his petition that he and his entire family contracted smallpox from the defendant through his negligence and carelessness, and alleges as items of damage the loss of wages to himself $115.50, pain, annoyance, inconvenience and mental distress, which, with the $115.50, makes total damages to him of $500; the loss of the services of his wife by reason of her being disabled so that she could not perform her household and domestic duties, fifty dollars; loss of

time of his son Charles Hendricks, thirty dollars; loss of time of his son Zeke Hendricks, fifty dollars; doctors' bills, forty-four dollars; drug bills, nine dollars and fifty cents, making a total of $799.50. Defendant filed a demurrer to plaintiff's petition which was overruled, then filed a motion to strike out all that part of the petition relating to the loss of services of his wife and members of the family and the communication of the smallpox by defendant to members of his family, and also to strike out the entire petition because of duplicity and the fact that it undertakes to charge and plead several distinct and separate causes of action in one count. This was also overruled. Defendant then filed a motion to require plaintiff to elect upon which cause of action he would proceed to trial, and this was overruled. Defendant then filed answer which was a general denial, and the case proceeded to trial.

The petition was undoubtedly good, and all the elements of damages therein enumerated were proper elements of damage, and besides, defendant having answered, waived any objections that might have been made to the sufficiency of the petition. [Paddock v. Somes, 102 Mo. 226, 14 S. W. 746; Hubbard v. Slavens, 218 Mo. 598, l. c. 621, 117 S. W. 1104.]

It is next contended that the petition states no cause of action, and that a demurrer to the testimony should have been sustained for the reason that defendant could not be held liable on the facts alleged in plaintiff's petition that he owed no duty to plaintiff and, consequently, could not be liable for negligence for that reason. It is familiar law that before an action will lie for negligence some duty must be neglected on the part of the party charged. [Kelly v. Benas, 217 Mo. 1, 116 S. W. 567.] But we have no hesitancy in holding that any one afflicted with the disease of smallpox, which is known by every one to be a highly contagious disease,

owes to every one the duty to so conduct himself as not to communicate this disease to them after he becomes aware that he is afflicted with it.     Hence, if defendant knew that he was afflicted with smallpox it then became and was his duty to keep away from other persons, or should other persons approach him to notify them of the fact so that they might protect themselves. [Franklin v. Butcher, decided by us at this term, and cases there cited.]

It is next contended that error was committed in the giving and refusing of instructions.     Defendant asked the same instructions in this case that were asked in the Franklin case, supra, and we hold in this case as we did in that case that they were properly refused.

On behalf of plaintiff the court gave the following instruction on the measure of damages:

"If you find that under the evidence and under the law as given you in the other instructions that the plaintiff is entitled to recover then you should assess his damages at such a sum not exceeding $799.50 as you believe will reasonably compensate him for the loss he may have sustained as a result of contracting the smallpox himself, and as a result of his wife and sons, Charles and Zeke, having said disease and in measuring the plaintiff's damages on account of his own personal injury from said disease you should take into consideration his loss of time and wages, his inconvenience as a result of having said disease, the pain he may have suffered as a result of said disease and in measuring the damages, if any, to plaintiff as a result of his wife and two sons having said disease you should award him such a sum on this account as would compensate him for the loss of her services in the performance of her household duties as wife of plaintiff, that is, the reasonable pecuniary value of such services and the reasonable value of the labor of his said two sons during the period they were unable to work as a result of having said disease not to exceed the amount sued for, that is not to exceed

the sum of $50, as to the value of the services of Zeke Hendricks, and the sum of $30 as to the value of the services of Charles Hendricks, the whole sum to be awarded to plaintiff to be such as you think will reasonably compensate him for his injury and loss on account of having said disease himself, and of his wife and two sons having said disease, the whole sum of damages not to exceed the sum sued for, to-wit: seven hundred and ninety-nine dollars and fifty cents."

It will be observed that this instruction does not limit the amount of recovery for the loss of services of the wife of the plaintiff. Plaintiff in his petition alleges the value of these services to be $50. There is evidence tending to show the length of time the wife was disabled from performing her household duties, but there is no evidence as to what the value of her services for that time was. The petition in this case does not allege loss of society and companionship of the wife, hence this case does not come under the rule as announced in Womach v. St. Joseph, 201 Mo. 467, 100 S. W. 443, and the recovery of damages for loss of her services was rightly restricted to the pecuniary value of the services but as there was no evidence of the value of such services, the question of the value of the wife's services should not have been submitted to the jury, and, in that respect, this instruction was erroneous. However, as was stated in the Franklin case, it does not necessarily follow that the entire judgment should be reversed, provided there are items of damages claimed which were accurately proven, and about which there was no contest. We find plaintiff's evidence in this case shows the value of time lost by plaintiff to have been more than claimed in his petition. The jury could not, however, allow more than was claimed, to-wit: $115.50. That he became obligated to pay doctors' bills more than the amount claimed, the amount claimed being $44, and for drugs more than the amount claimed, to-wit: $9.50. That the loss of services of his son Charles amounted to twenty dollars.

Loss of services of his son Zeke was equal to the amount claimed, $50. As to all of these items there was no controversy, and it is fair to assume that they were allowed by the jury in the sums mentioned, making a total loss of $239 proven about which there was no controversy. Then the remainder of the damages allowed by the jury must have been for the items of pain, and mental anguish suffered by plaintiff, and the loss of the services of plaintiff's wife, but it is impossible to determine how much was allowed for the loss of the wife's services and how much for the suffering of the plaintiff. For that reason, all that part of the verdict cannot be said to be supported by the testimony. If, however, the plaintiff will within ten days remit the sum of $361 and allow the judgment to stand for the amount of the items accurately proven, to-wit: $239, the judgment will be affirmed; otherwise, it will be reversed and remanded. All concur.